Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEMPLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOOKSI LLC, a Wyoming Company; and DOES 1-10 Inclusive**,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.<br><br>**JURY TRIAL DEMANDED**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF** |

### INTRODUCTION

1. PAUL STEMPLE ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of BOOKSI LLC, a Wyoming Company ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### JURISDICTION AND VENUE

---

**CLASS ACTION COMPLAINT**
-1-

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein, was a natural individual and resident of the State of California, County of San Bernardino. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Plaintiff was physically in California at the time he received the alleged phone calls and text messages from Defendant.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation of the State of Wyoming. Defendant, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Bernardino, and within this judicial district.

## FACTUAL ALLEGATIONS

6. Beginning in or around October 2024, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -8100, in an attempt to solicit Plaintiff to purchase Defendant's services.

7. Plaintiff answered one such call and requested to be removed from Defendant's list and to stop contacting him.

8. Despite Plaintiff's request to be added to Defendant's do-not-call list, Defendant continued to place calls to Plaintiff's cellular telephone without his consent.

9. Plaintiff estimates that he has received over a dozen calls from Defendant, most of which were sent after Defendant was advised to place Plaintiff on the Defendant's Do Not Call List.

10. Additionally, on or around January 22, 2025, Plaintiff sent an email to Defendant's customer service demanding again, to be removed from Defendant's list and to stop contacting him.

11. Defendant, however, called Plaintiff again on or around January 27, 2025.

12. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

15. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

16. Plaintiff requested that Defendant stop in response to multiple calls by Defendant thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under 16 C.F.R. 310.4(b)(1)(iii)(B).

17. Plaintiff's requests that Defendant stop calling him constitute a request that he be placed on defendant's internal do-not-call list.

18. Upon information and belief and based on Plaintiff's experiences of being called by Defendant after requesting they stop contacting him, and at all relevant times, Defendant does not maintain a written policy, available upon demand, for maintain a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

19. Plaintiff further alleges that Defendant does not train its employees who are engaged in telemarketing in the existence and use of any do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

20. On information and belief, Defendant failed to place Plaintiff on the do-not-call list, despite his request to no longer be contacted by Defendant. Instead, Defendant continued to call Plaintiff's cellular telephone, in violation of 47 C.F.R. § 64.1200(d)(3).

21. These calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated, as a member of the proposed Class (hereafter, "The Class").

23. Plaintiff represents, and is a member of, the Internal Do-Not-Call Class (hereinafter "Internal DNC Class") defined as follows: All persons within the United States who requested that Defendant stop calling them, and who, after requesting Defendant stop calling them, received more than one call or message by or on behalf of Defendant that promoted Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

24. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

27. Plaintiff and members of the Internal DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Internal DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Internal DNC Class members who had requested that Defendant stop contacting them. Plaintiff and the Internal DNC Class members were damaged thereby.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the Internal DNC Class members. The questions of law and fact common to the Internal DNC Class predominate over questions which may affect individual Internal DNC Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or their agents placed more than one telemarketing/solicitation telephone calls to Internal DNC Class members who had previously requested that Defendant stop contacting them;

    b) Whether Defendant maintains proper procedures and policies on the use of do-not-call lists, as required by 47 C.F.R. § 64.1200;

    c) Whether Plaintiff and the Internal DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

    d) Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

29. As a person that received numerous solicitation telephone calls and/or text messages from Defendant within a 12-month period, and who had previously requested that Defendant stop contacting her, Plaintiff is asserting claims that are typical of the Internal DNC Class. Plaintiff will fairly and adequately represent

and protect the interests of the Internal DNC Class in that Plaintiff has no interests antagonistic to any member of the Internal DNC Class.

30. Plaintiff and the members of the Class have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(C)
### ON BEHALF OF THE INTERNAL DNC CLASS

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

37. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(C)
## ON BEHALF OF THE INTERNAL DNC CLASS

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the Internal DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

41. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and

members of The Classes, the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each Internal DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each Internal DNC Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 29, 2025                                                                 Respectfully submitted,

THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF